## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LEANDER CARTER, | ) | |
| MICHAEL BRENT, | ) | |
| WILLIE JOHNSON, | ) | |
| CHARLES KIDD, | ) | |
| STANLEY MILLER, | ) | |
| OSCAR PATTON, | ) | |
| CARL ROGERS, | ) | |
| JOE SHERROD, | ) | |
| JOHN THEIS, | ) | |
| PASCUAL VIDEGARAY, | ) | |
| LUIS VILLAVICENCIO-SE, | ) | |
| JASON WARD, | ) | |
| EDWARD HARRIS, | ) | |
| DELMAR GRAY, | ) | |
| DENNIS McARDLE, | ) | |
| BLACKIE VEACH, | ) | |
| HAROLD OLIVER, | ) | |
| NICHOLAS ANDREWS, | ) | |
| CHRISTOPHER ALEXANDER, | ) | |
| BRAYONE MURFF, | ) | Case No. 17-cv-03546 |
| and | ) | |
| CARLOS JENKINS | ) | Honorable Rebecca R. Pallmeyer |
| | ) | |
| vs. | ) | Jury Trial Demanded |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| ALFONSO DAVID, M.D., | ) | |
| ANDREW TILDEN M.D., | ) | |
| JOHN TROST, M.D. | ) | |
| KUL SOOD, M.D. | ) | |
| ARTHUR FUNK, M.D., | ) | |
| SHERRI LYNN, | ) | |
| LOUIS SHICKER, M.D. | ) | |
| MICHAEL PUISIS, M.D. | ) | |
| UNKNOWN DOCTORS | ) | |
|     (JANE/JOE DOES 1-10) | ) | |
| UNKNOWN MEDICAL DIRECTORS | ) | |
|     JANE/JOE DOES 11-15) | ) | |
| UNKNOWN HEALTHCARE | ) | |
| UNIT ADMINISTRATORS | ) | |
|     (JANE/JOE DOES 16-20) | ) | |
| and | ) | |
| UNKNOWN WEXFORD EMPLOYEES | ) | |
|     (JANE/JOE DOES 21-25) | ) | |

## DEFENDANT JOHN TROST M.D.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, JOHN TROST M.D., by and through his attorneys, BOLLINGER CONNOLLY KRAUSE, LLC, and for his Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. 1), hereby states as follows:

### THE PARTIES

1.     Plaintiff Leander Carter, is a state prisoner who has been incarcerated at the Shawnee Correctional Center ("Shawnee") in Shawnee, Illinois with an inmate number of #B09162.

**ANSWER:     Upon information and belief, Defendant admits the allegations in this paragraph.**

2.     Plaintiff Michael Brent, is a state prisoner who has been incarcerated at the Pontiac Correctional Center ("Pontiac") in Pontiac, Illinois with an inmate number of # B04680.

**ANSWER:     Upon information and belief, Defendant admits the allegations in this paragraph.**

3.     Plaintiff Willie, Johnson is a state prisoner who has been incarcerated at the Pontiac Correctional Center ("Pontiac") in Pontiac, Illinois with an inmate number of #B16884.

**ANSWER:     Upon information and belief, Defendant admits the allegations in this paragraph.**

4.     Plaintiff Charles Kidd, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #N33990.

**ANSWER:     Upon information and belief, Defendant admits the allegations in this paragraph.**

5.     Plaintiff Stanley Miller, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #R25189.

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

6.    Plaintiff Oscar Patton, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #B71273.

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

7.    Plaintiff Carl Rogers, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #N62675.

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

8.    Plaintiff Joe Sherrod, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #N13582.

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

9.    Plaintiff John Theis, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #M06139.

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

10.    Plaintiff Pascual Videgaray, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #R32653

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

11.    Plaintiff Luis Villavicencio-se, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #M29511.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

12.     Plaintiff Jason Ward, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #R05780.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

13.     Plaintiff Edward Harris, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #M02719.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

14.     Plaintiff Delmar Gray, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #B51265.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

15.     Plaintiff Dennis McArdle, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #K79627.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

16.     Plaintiff Blackie Veach, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #S14810.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

17.     Plaintiff Harold Oliver, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #A15828.

**ANSWER:   Upon information and belief, Defendant admits the allegations in this paragraph.**

18.     Plaintiff Nicholas Andrews, is a state prisoner who has been incarcerated at Menard, with an inmate number of #B82197.

**ANSWER:   Upon information and belief, Defendant admits the allegations in this paragraph.**

19.     Plaintiff Christopher Alexander, is a state prisoner who has been incarcerated at both Pontiac and the Menard Correctional Center ("Menard") in Menard, Illinois with an inmate number of #B80710.

**ANSWER:   Upon information and belief, Defendant admits the allegations in this paragraph.**

20.     Plaintiff Brayone Murff, is a state prisoner who has been incarcerated at the Lincoln Correctional Center ("Lincoln") in Lincoln, Illinois with an inmate number of #M30332.

**ANSWER:   Upon information and belief, Defendant admits the allegations in this paragraph.**

21.     Plaintiff Carlos Jenkins, is a state prisoner who has been incarcerated at the Hill Correctional Center ("Hill") in Galesburg, Illinois with an inmate number of #K59498.

**ANSWER:   Upon information and belief, Defendant admits the allegations in this paragraph.**

22.     Defendant Wexford is a private company that provides medical services, under contract with the Illinois Department of Corrections ("IDOC"), for prisoners at various correctional facilities, including Shawnee, Pontiac, Menard, Lincoln and Hill.

**ANSWER:   As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this**

paragraph are construed against this Defendant, they are denied.

23.     At all times relevant to this case, Wexford had primary responsibility for providing medical services at Shawnee, Pontiac, Menard, Lincoln and Hill.

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

24.     Defendant Arthur Funk, M.D. at relevant times was Wexford's Regional Medical Director for the Northern Region of Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

25.     On information and belief, Unknown Wexford Employees (Jane/Joe Does 21-25) (Wexford and Funk are herein referred to as the "Wexford Defendants") were at relevant times lawfully appointed, empowered and acting in the capacity of the Wexford employees. The Wexford Defendants are capable of and are hereby being sued in this Court in their individual capacity.

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

26.     Defendant, Alfonso David, M.D. is and was at relevant times physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Shawnee Correctional Center located at Vienna, Illinois. He is capable of and is hereby being sued in this Court in his individual

capacity.

**ANSWER:**   **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

27.    Defendant, Sherri Lynn is and was at relevant times lawfully appointed to act in the capacity as the Healthcare Unit Administrator of the at Shawnee Correctional Center located at Vienna, Illinois. She is capable of and is hereby being sued in this Court in her individual capacity.

**ANSWER:**   **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

28.    Defendant, Andrew Tilden M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Pontiac Correctional Center located at Pontiac, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

**ANSWER:**   **As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

29.    Defendant, John Trost, M.D. is and was at relevant times, a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Menard Correctional Center located at Menard, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

**ANSWER:**   **Defendant admits that he is a physician licensed to practice in the State of**

**Illinois and was employed by Wexford Health Sources, Inc. to render medical care to patients in the custody of Menard Correctional Center located in Menard, Illinois.**

30.     Defendant, Kul Sood, M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief was employed by Wexford to render medical services to prisoners at Hill Correctional Center located at Galesburg, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

**ANSWER:    As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

31.     Defendant, Louis Shicker, is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and lawfully appointed, empowered and acting in the capacity of the Agency Medical Director of the IDOC in Chicago, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

**ANSWER:    As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

32.     Defendant, Michael Puisis, M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and lawfully appointed, empowered and acting in the capacity of the Agency Medical Director of the IDOC in Chicago, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

**ANSWER:    As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

33.     On information and belief, Unknown Doctors (Jane/Joe Does 1-10) were at relevant times physicians duly licensed to practice their profession in the State of Illinois and, based upon information and belief, were employed by Wexford Health Sources to render medical services to prisoners at Shawnee, Pontiac, Menard, Lincoln and/or Hill and are hereby being sued in this Court in their individual capacity. (David, Tilden, Trost, Sood and the Unknown Doctors are referred herein as the "Doctor Defendants.").

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

34.     On information and belief, Unknown Medical Directors (Jane/Joe Does 11-15) were at relevant times lawfully appointed, empowered and acting in the capacity of the Agency medical Director of the IDOC in Chicago, Illinois.  They are capable of and are hereby being sued in this Court in their individual capacity.  (Shicker, Puisis and the Unknown Medical Directors are referred herein as the "Medical Director Defendants.").

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

35.     On information and belief, Unknown Healthcare Unit Administrators (Jane/Joe Does 11-15) were at relevant times lawfully appointed to act in the capacity as the Healthcare Unit Administrator of the at Shawnee, Pontiac, Menard, Lincoln and/or Hill and are hereby being sued in this Court in their individual capacity. (Lynn and the Unknown Healthcare Unit Administrators are referred herein as the "Healthcare Unit Administrators Defendants.").

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this**

**paragraph are construed against this Defendant, they are denied.**

## JURISIDICTION AND VENUE

36.     This is a civil rights action to redress the deprivation under color of state law of rights, privileges and immunities secured to plaintiffs by the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:     This paragraph contains a characterization of Plaintiffs' Complaint and sets forth a conclusion of law rather than an averment of fact.  Defendant admits this claim is purportedly brought under 42 U.S.C. § 1983, but denies Plaintiffs' rights were violated and denies that the Plaintiffs are entitled to any damages.  In the event any of the statements contained in this paragraph are construed as averments of fact and are construed against this Defendant, said allegations are denied.**

37.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), The asserted rights and interests of each plaintiff exceed seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**ANSWER:     Defendant admits this Court has jurisdiction but denies that the Plaintiffs' rights were violated and denies that the Plaintiffs are entitled to any damages.**

38.     This action properly lies within this judicial district under the provisions of 28 U.S.C. §§ 1391(b).

**ANSWER:     Defendant admits that venue is proper but denies that any events or omissions occurred giving rise to a claim.  Defendant denies that the Plaintiffs' rights were violated and denies that the Plaintiffs are entitled to any damages.**

## FACTUAL BACKGROUND

### All Plaintiffs Suffer from Untreated Inguinal Hernias

39.     All plaintiffs are incarcerated in the IDOC.

**ANSWER:   Upon information and belief, Defendant admits the allegations in this paragraph.**

40.    All plaintiffs have suffered and continue to suffer from pain and limitations in their activities of daily living due to inguinal hernias.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

41.    Their hernias restrict the flow of blood to their penises, painfully restrict the flow of their urination, cause them excruciating pain when coughing or sneezing, cause excruciating pain in their testicles, and significantly restrict both their normal daily activities and their ability to strenuously exercise, which is detrimental to their overall health.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

42.    All plaintiffs have complained to one or more of the defendants of the pain and limitations in their activities of daily living due their inguinal hernias.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

43.    Medical experts state that "[a]lmost all groin hernias should be surgically repaired. When the potential complications of incarceration and strangulation are weighed against the minimal risks of hernia repair (particularly when local anesthesia is used), the early repair of groin hernias is clearly justified." Surgical Options in the Management of Groin Hernias, American Family Physician (Jan. 1, 1999)

**ANSWER:   Defendant denies the allegations in this paragraph.**

44.    However, despite having actual knowledge that surgical repair is the standard treatment for a hernia that continues to grow larger, restricts regular movement and causes extreme

pain; defendants have been and continue to be deliberately indifferent to plaintiffs' medical condition by pursuing a course of treatment that they know is ineffective, thereby sacrificing the health of plaintiffs.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

45.    Defendants, with deliberate indifference to plaintiffs' physical pain and suffering, have systematically denied plaintiffs a relatively inexpensive and necessary surgical procedure to repair their hernias.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

46.    In fact, after having been previously found to be deliberately indifferent to the pain and suffering on another inmate's pain and suffering due to an inguinal hernia by a jury in the U.S. District Court for the Northern District of Illinois; defendants persist in perpetuating their unconstitutional policy of denying plaintiffs a relatively inexpensive and necessary surgical procedure to repair their hernias. (*Heard v. Wexford Health Sources* NDIL Docket # 06-CV-00644 "Heard trial")

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

47.    In denying plaintiffs' surgery, defendants have ignored the competent professional medical evidence presented at the Heard trial that surgical repair of such hernias is the proper standard of care.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

48.    Defendants denials of proper surgical care of all plaintiffs, with the exception of plaintiff Videgaray, continues through the filing of this complaint.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

**<u>Wexford's Cost-Cutting Policy Violates the Eighth Amendment</u>**

49.     In this case, medical professionals, charged with providing medical care to inmates of the IDOC, regularly and systematically deprived plaintiffs of needed surgery for their hernias.

**<u>ANSWER</u>:    Defendant denies the allegations in this paragraph.**

50.     Defendants have ignored sound medical practices in favor of cost-saving policies created by Wexford and its employees and implemented by Defendant Doctors, Defendant Medical Administrators and Defendant Healthcare Unit Administrators.

**<u>ANSWER</u>:    Defendant denies the allegations in this paragraph.**

51.     Wexford is the medical services provider to inmates in IDOC facilities.

**<u>ANSWER</u>:    Defendant admits that Wexford is a corporation contracted with the State of Illinois to provide medical services to certain patients in the custody of the Illinois Department of Corrections.**

52.     Wexford's agreement with IDOC allows for only surgical 216 hospital referrals per year.

**<u>ANSWER</u>:    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

53.     For each surgical referral in excess of this amount, Wexford's monthly compensation payments are reduced by an amount equal to what the State pays out for hospital services.

**<u>ANSWER</u>:    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

54.     In order to maintain its monthly compensation payments, Wexford instituted cost-cutting policies.

**<u>ANSWER</u>:    As the allegations in this paragraph are not directed to this Defendant, this**

**Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

55.     One such cost-cutting policy provides that surgical repair of an inguinal hernia is not approved the unless the hernia is incarcerated or strangulated; *i.e.* until the hernia was life-threatening.

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

56.     Under Wexford' s policy, the cost of such surgical repair is outweighed by the risk of any such surgery.

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

57.     Wexford's policy ignores the risks of not performing hernia-repair surgery for non-incarcerated or strangulated hernias *i.e.* that the hernia will become incarcerated or strangulated and life-threatening.

**ANSWER:     As the allegations in this paragraph are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, they are denied.**

58.     Wexford's policy, condoned and implemented by Defendant Doctors, Defendant Medical Administrators and Defendant Healthcare Unit Administrators, flies in the face of commonly accepted medical wisdom and standard of care, which provide that:

        a.   the risks of hernia-repair surgery are minimal for all but a select few patients;

        b.   the risk of not performing hernia-repair surgery is that a simple hernia will become

incarcerated or strangulated; and

    c.  surgical repair is the only long-term medical solution for hernias.

**ANSWER:**    **Defendant denies the allegations in this paragraph and subparagraphs (a) – (c).**

59.    In order to reduce costs and increase profits, Wexford Defendants, assisted by the Healthcare Unit Administrators Defendants, have and continue to act in concert with the Doctor Defendants and the Medical Director Defendants adhere to a policy against providing surgery for prisoners whose hernias are not strangulated regardless of the degree of pain, anxiety or incapacity a plaintiff endures.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

60.    This policy maintained by Defendants has led to plaintiffs being deprived of constitutionally appropriate medical care.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

61.    Defendants actions, *i.e.* putting money before the medical needs of the people entrusted to their care, are shocking to the conscience and constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

62.    Due to the Defendants' willful, knowing and deliberate indifference, plaintiffs have suffered extensive pain, for which they seek recompense in this lawsuit.

**ANSWER:**    **Defendant denies the allegations in this paragraph.**

**COUNT I**
**(Against Shicker, Puisis and the Unknown Medical Directors)**
**Cruel and Unusual Punishment**

***GENERAL DENIAL***

**As the allegations in this section are not directed to this Defendant, this Defendant**

offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, this Defendant pursuant to Fed. R. Civ. Pro. 8(b)(3) denies any and all of the allegations in this section.

## COUNT II
### (Against Wexford, Funk and the Unknown Wexford Employees)
### Cruel and Unusual Punishment

### *GENERAL DENIAL*

As the allegations in this section are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, this Defendant pursuant to Fed. R. Civ. Pro. 8(b)(3) denies any and all of the allegations in this section.

## COUNT III
### (Against Defendants David, Tilden, Trost, Sood and the Unknown Doctors)
### Cruel and Unusual Punishment

79.     Plaintiffs adopt herein by reference the allegations contained in paragraphs 1-78.

**ANSWER:**  **Defendant incorporates by reference all responses in each of the above paragraphs as set forth herein.**

80.     The purpose of Section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution.

**ANSWER:**  **As this paragraph sets forth a conclusion of law this Defendant offers no answer or response thereto.  In the event any of the statements contained in this paragraph are construed as averments of fact and are construed against this Defendant, said allegations are denied.**

81.     Under Section 1983, governmental immunity is to be denied, and compensatory damages awarded, when a state actor or collaborating private citizen has acted with either an

impermissible motivation or with such disregard of the person's clearly established constitutional rights that such action cannot reasonably be characterized as being in good faith.

**ANSWER:    As this paragraph sets forth a conclusion of law this Defendant offers no answer or response thereto.  In the event any of the statements contained in this paragraph are construed as averments of fact and are construed against this Defendant, said allegations are denied.**

82.    A corporate defendant violates Section 1983 if, acting under color of state law, it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.

**ANSWER:    As this paragraph sets forth a conclusion of law this Defendant offers no answer or response thereto.  In the event any of the statements contained in this paragraph are construed as averments of fact and are construed against this Defendant, said allegations are denied.**

83.    Defendants David, Tilden, Trost, Sood and the Unknown Doctors maintained and implemented a cost-cutting policy that ensured that plaintiffs would not receive a relatively inexpensive surgical repair, regardless of the pain and suffering caused by such hernias, unless the hernias were incarcerated or strangulated.

**ANSWER:    Defendant denies the allegations in this paragraph.**

84.    Defendants David, Tilden, Trost, Sood and the Unknown Doctors behavior is sufficiently outrageous as to shock the conscience.

**ANSWER:    Defendant denies the allegations in this paragraph.**

85.    Indeed, Defendants David, Tilden, Trost, Sood and the Unknown Doctors denied Plaintiffs' appeals for surgical repair of their hernias.

**ANSWER:    Defendant denies the allegations in this paragraph.**

86.     Defendants David, Tilden, Trost, Sood and the Unknown Doctors denied Plaintiffs' surgeries for cost-cutting reasons that had no relationship to professional medical judgment.

**ANSWER:     Defendant denies the allegations in this paragraph.**

87.     Defendants David, Tilden, Trost, Sood and the Unknown Doctors actions caused plaintiffs to suffer needless pain and mental anguish.

**ANSWER:     Defendant denies the allegations in this paragraph.**

**COUNT IV**
**(Against Defendants Lynn and Unknown Healthcare Unit Administrators)**
**Cruel and Unusual Punishment**

***GENERAL DENIAL***

**As the allegations in this section are not directed to this Defendant, this Defendant offers no answer or response thereto.  In the event any of the allegations in this paragraph are construed against this Defendant, this Defendant pursuant to Fed. R. Civ. Pro. 8(b)(3) denies any and all of the allegations in this section.**

**PRAYER FOR RELIEF**

**Defendant denies that the Plaintiffs are entitled to any of the relief that they seeks.**

**JURY DEMAND**

**Defendant demands a trial by jury.**

WHEREFORE, Defendant, JOHN TROST M.D., respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against the Plaintiffs, dismissing Plaintiffs' Complaint (Dkt. 1) with prejudice and with costs including attorney fees pursuant to 42 U.S.C. § 1988(b) and for such other relief as this Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials of the allegations contained in Plaintiffs' Complaint (Dkt. 1), Defendant, JOHN TROST M.D., without waiving the obligations of the Plaintiffs to prove every factual element of their claims, state as and for its Affirmative Defenses as follows:

**1.     Qualified Immunity**

At all times relevant to Plaintiffs' claims, the Defendant charged herein acted in the good faith performance of his official duties without violating the Plaintiffs clearly established constitutional rights.  Defendant is protected from liability by the doctrine of qualified immunity.

**2.     Official Capacity Claim Barred**

To the extent that Plaintiffs' claims are against Defendant in its official capacity the claims are barred by the Eleventh Amendment.

**3.     Injunctive Relief Barred**

To the extent Plaintiffs are suing Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his requests for such relief are barred by the Eleventh Amendment and the Prison Litigation Reform Act.  Further, the Defendant no longer has the authority to order the relief sought if ordered and Plaintiffs are not subject to the conditions of which they complain.

**4.     Failure to Exhaust Administrative Remedies**

Plaintiffs have failed to exhaust their administrative remedies prior to the initiation of this cause of action and as a result Plaintiffs' claims are barred by the Prison Litigation Reform Act.

**5.     Statute of Limitations**

To the extent that Plaintiffs' claims are barred by the statute of limitations, they should be dismissed. Plaintiffs' claims are not a continuous course of treatment and have accrued in excess of two years of Plaintiff filing his original pro se complaint.

6.      *Heck v. Humphrey*

To the extent Plaintiffs' allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

7.      **Mootness**

To the extent that Plaintiffs are suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, their claims are moot.

8.      **Compensatory Damages Barred**

To the extent that Plaintiffs are suing the Defendant for compensatory damages for mental or emotional injury suffered without a prior showing of physical injury, their claims are barred by the Prison Litigation Reform Act.

9.      **Failure to State Claim with Specificity**

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief may be granted.

10.     **Failure to Properly Name Defendants.**

Defendants have not been properly named in the caption of Plaintiffs' Complaint.

11.     **Res Judicata**

To extent Plaintiffs have previously litigated the same issues in a prior action that are now involved in this lawsuit, Plaintiffs' suit are barred by the doctrine of res judicata.

12.     **Improper Joinder**

A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) *citing* Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).  Plaintiff has not met the requirements for joinder of parties under Rule 20, because unrelated claims against different

defendants belong in different suits[.]" *George*, 507 F.3d at 607.

WHEREFORE, Defendant, JOHN TROST M.D., respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiffs, dismissing their Complaint (Dkt. 1) with prejudice and with costs including attorney fees pursuant to 42 U.S.C. § 1988(b) and for such other relief as this Court deems appropriate and just.

Respectfully Submitted,

JOHN TROST M.D.,

By: /s/ Harrison A. Cohen
*One of the Attorneys for Defendant*

Robert Tengesdal #6288650
Harrison A. Cohen #6317776
BOLLINGER CONNOLLY KRAUSE LLC
500 West Madison Street – Suite 2430
Chicago, Illinois 60661
Phone:  (312) 253-6200
Email(s):  rtengesdal@bollingertrials.com
          hcohen@bollingertrials.com

I, Harrison A. Cohen, being first duly sworn on oath, deposes and states that he is an attorney in the law firm appearing on behalf of Defendant therein, JOHN TROST M.D., and that he is informed as to the facts set forth in the foregoing Answer of said Defendant to the Plaintiffs' Complaint (Dkt. 1). On the basis of said information he believes that the facts therein set forth are true and the allegations therein of want of knowledge to form a belief are true.

/s/ Harrison A. Cohen

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 2, 2017, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/EFC system.

By: /s/  Harrison A. Cohen____