# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LEANDER CARTER, *et alia* | ) | |
| | ) | 17 cv 3546 |
| vs. | ) | Hon. Judge R. Pallmeyer |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et alia* | ) | |

**PLAINTIFF LEANDER CARTER'S**
**ANSWERS TO**
<u>**FIRST SET OF INTERROGATORIES OF ALL DEFENDANTS**</u>

1.      State your full name, address, date of birth, place of birth, and the full name, address, and

occupation of each person assisting in the preparation of these Interrogatory answers.

**ANSWER:**

> **Leander Carter, 6655 State Rt. 146 East, Shawnee Correctional Center, Vienna, IL**
>
> **June 22, 1960**
>
> **Chicago, IL**
>
> **John J. Muldoon, III attorney at law**

2.      With regard to all injuries alleged in your Complaint, state with specificity the following:

(a)     State the date you were first informed of the injury;

(b)     State the name of the individual who first informed you of your diagnosis of

inguinal hernia;

(c)     State the name of the Correctional Institution you were residing at when you were

first diagnosed with the inguinal hernia that is the subject of your complaint;

(d)     Identify the name of all the medical doctors who diagnosed you with your inguinal

hernia;

**ANSWER:**

    **a.      April 15, 2003, see Medical Reports.**

    **b.      Dr. Brown, see Medical Reports.**

    **c.      Western Illinois, CC**

    **d.      Dr. Alfonso David at Shawnee CC, D. Brown at Western Illinois CC and Dr.**

        **Bashirahmed M. Ameji at Danville CC.**

        **See Medical Reports.**

3.      With regard to all claims stated in your Complaint, please identify all steps you took to grieve each issue, including the following:

(a)  The number of grievances you wrote related to the issues in your Complaint.

(b)  State the date that you wrote each grievance.

(c)  The date(s) of submission of each grievance to your counselor;

(d)  The date(s) of submission of each grievance to the Grievance Officer;

(e)  The date(s) of submission of each grievance to the Administrative Review Board;

(f)  Whether you submitted the grievance to anyone else;

(g)  The manner in which you submitted the grievance(s) at each level;

(h)  The name of any person to whom you gave the grievance(s) at each level of the process;

(i)  The date(s) of response(s) at any level;

(j)  The date(s) of final determination by the Administrative Review Board;

(k)  Whether you are in possession of any grievance or grievance response related to this lawsuit. If you are not, state why you are not.

**ANSWER**

    **a.**      **October 21, 2009 and December 20, 2012. See IDOC records**

    **b.**      **Mr. Carter cannot remember, IDOC records.**

    **c.**      **Mr. Carter cannot remember, IDOC records.**

    **d.**      **Mr. Carter cannot remember, IDOC records.**

    **e.**      **Mr. Carter cannot remember, IDOC records.**

    **f.**      **Mr. Carter cannot remember, IDOC records.**

    **g.**      **Mr. Carter cannot remember, IDOC records.**

    **h.**      **Mr. Carter cannot remember, IDOC records.**

  **i.**  **Mr. Carter cannot remember, IDOC records.**

  **j.**  **Mr. Carter cannot remember, IDOC records.**

  **k.**  **Mr. Carter cannot remember, IDOC records.**

4.A.    IF YOU MADE A CLAIM made against Alfonso David, M.D., and include:

(a)    For each claim, state the specific legal basis, theory, or statute upon which you rely for recovery;

(b)    For each claim, state the specific actions or inactions of Alfonso David, M.D. relied upon to establish the claim;

(c)    For each claim, state the damages or injuries you suffered as a result of Alfonso David, M.D.'s alleged actions or inactions; and

(d)    For each of the above answers, state what evidence do you have to support the claim.

**ANSWER:**

**(a) Deliberate indifference to serious medical need;**

**(b) Mr. Carter complained to Dr. David of the extreme pain caused by his hernia. Dr. David has refused to provide surgical repair of hernia despite great pain and suffering and repeated requests for the hernia to be repaired; adding to the risk of further injury or even death.**

**(c) Mr. Carter's hernia causes him constant, extreme and unnecessary pain and suffering. Ordinary daily activities such as using the bathroom, laughing and coughing increases the pain. He is unable to carry on daily activities because of the extreme nature of the pain, such as sleeping comfortably, sitting or walking.**

**(d) Medical records and personal testimony, other inmates similarly situated.**

5.A.    Identify the specific date(s), if any, on which you believe Alfonso David, M.D. was deliberately indifferent to your serious medical needs, and

    (a)  For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

    (b)  For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

    (c)  State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER:**

    **(a) Mr. Carter does not remember, See medical records.**

    **(b) Surgical repair or any treatment whatsoever for hernia.**

    **(c) Mr. Carter's hernia causes him constant, extreme and unnecessary pain and suffering. Ordinary daily activities such as using the bathroom, laughing and coughing increases the pain. He is unable to carry on daily activities because of the extreme nature of the pain, such as sleeping comfortably, sitting or walking.**

4B.     IF YOU MADE A CLAIM made against Andrew Tilden, M.D., and include:

(a)      For each claim, state the specific legal basis, theory, or statute upon which you rely for recovery;

(b)      For each claim, state the specific actions or inactions of Andrew Tilden, M.D. relied upon to establish the claim;

(c)      For each claim, state the damages or injuries you suffered as a result of Andrew Tilden, M.D.'s alleged actions or inactions; and

(d)      For each of the above answers, state what evidence do you have to support the claim.

**ANSWER: Not Applicable.**

5B.     Identify the specific date(s), if any, on which you believe Andrew Tilden, M.D. was deliberately indifferent to your serious medical needs, and:

(a)     For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(b)     For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(c)     State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER: Not Applicable.**

4C.     IF YOU MADE A CLAIM made against John Trost, M.D., and include:

(a)  For each claim, state the specific legal basis, theory, or statute upon which

you rely for recovery;

(b)  For each claim, state the specific actions or inactions of John Trost,

M.D. relied upon to establish the claim;

(c)  For each claim, state the damages or injuries you suffered as a result of John Trost,

M.D.'s alleged actions or inactions; and

(d)  For each of the above answers, state what evidence do you have to support the claim.

**ANSWER: Not applicable.**

5C.      Identify the specific date(s), if any, on which you believe John Trost, M.D. was deliberately indifferent to your serious medical needs, and:

(a)      For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(b)      For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(c)      State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER: Not applicable.**

4D.      IF YOU MADE A CLAIM made against Kul Sood, M.D., and include:

(a)   For each claim, state the specific legal basis, theory, or statute upon which

you rely for recovery;

(b)      For each claim, state the specific actions or inactions of Kul Sood, M.D. relied

upon to establish the claim;

(c)      For each claim, state the damages or injuries you suffered as a result of Kul Sood,

M.D.'s alleged actions or inactions; and

(d)      For each of the above answers, state what evidence do you have to support the

claim.

**ANSWER: Not applicable.**

5D.     Identify the specific date(s), if any, on which you believe Kul Sood, M.D. was deliberately indifferent to your serious medical needs, and:

(a)     For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(b)     For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(c)     State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER: Not applicable.**

4E.     IF YOU MADE A CLAIM made against Louis Shicker, M.D., and include:

(a)  For each claim, state the specific legal basis, theory, or statute upon which

you rely for recovery;

(b)     For each claim, state the specific actions or inactions of Louis Shicker, M.D.

relied upon to establish the claim;

(c)     For each claim, state the damages or injuries you suffered as a result of Louis

Shicker, M.D.'s alleged actions or inactions; and

(d)     For each of the above answers, state what evidence do you have to support the

claim.

**ANSWER: Dr. Shicker maintains and enforces a policy of not providing inmates surgical**

**repair of their hernias. See Answers to 4A and 5A.**

5E.     Identify the specific date(s), if any, on which you believe Louis Shicker, M.D. was deliberately indifferent to your serious medical needs, and:

(e)     For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(f)     For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(g)     State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER: See Answers to 4B and 5B.**

4F.     IF YOU MADE A CLAIM made against Michael Puisis, M.D., and include:

    (a)  For each claim, state the specific legal basis, theory, or statute upon which you rely for recovery;

    (b)  For each claim, state the specific actions or inactions of Michael Puisis, M.D. relied upon to establish the claim;

    (c)  For each claim, state the damages or injuries you suffered as a result of Michael Puisis, M.D.'s alleged actions or inactions; and

    (d)  For each of the above answers, state what evidence do you have to support the claim.

**ANSWER: Dr. Puisis maintains and enforces a policy of not providing inmates surgical repair of their hernias. See Answers to 4A and 5A.**

5F.     Identify the specific date(s), if any, on which you believe Michael Puisis, M.D. was deliberately indifferent to your serious medical needs, and:

(a)     For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(b)     For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(c)     State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER: See Answers to 4B and 5B.**

4G.     IF YOU MADE A CLAIM made against Arthur Funk, M.D., and include:

(a)     For each claim, state the specific legal basis, theory, or statute upon which you rely for recovery;

(b)     For each claim, state the specific actions or inactions of Arthur Funk, M.D. relied upon to establish the claim;

(c)     For each claim, state the damages or injuries you suffered as a result of Arthur Funk, M.D.'s alleged actions or inactions; and

(d)     For each of the above answers, state what evidence do you have to support the claim.

**ANSWER: Not Applicable**

17

5G.    Identify the specific date(s), if any, on which you believe Arthur Funk, M.D. was deliberately indifferent to your serious medical needs, and:

(e)     For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(f)     For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(g)     State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER: Not Applicable.**

4H.     IF YOU MADE A CLAIM made against Sherri Lynn, and include:

(a)     For each claim, state the specific legal basis, theory, or statute upon which you rely for recovery;

(b)     For each claim, state the specific actions or inactions of Sherri Lynn relied upon to establish the claim;

(c)     For each claim, state the damages or injuries you suffered as a result of Sherri Lynn's alleged actions or inactions; and

(d)     For each of the above answers, state what evidence do you have to support the claim.

**ANSWER:**

**(a) Deliberate indifference to serious medical need;**

**(b) Sherri Lynn received and reviewed Mr. Carter's grievances regarding the failure to treat his hernia. She refused to take any action to address Mr. Carter's grievances continuing his pain and adding to the risk of further injury or even death.**

**(c) Mr. Carter's hernia causes him constant, extreme and unnecessary pain and suffering. Ordinary daily activities such as using the bathroom, laughing and coughing increases the pain. He is unable to carry on daily activities because of the extreme nature of the pain, such as sleeping comfortably, sitting or walking.**

**(d) Medical records and personal testimony, other inmates similarly situated.**

5H.     Identify the specific date(s), if any, on which you believe Sherri Lynn was deliberately indifferent to your serious medical needs, and:

(a)     For each date referenced, specifically identify the complaint voiced by you and the care or response which you feel constituted deliberate indifference;

(b)     For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate, if known, what you or your witnesses will assert the proper treatment should have been; and

(c)     State the damages, harm, or injuries you claimed to have sustained as a result of the alleged deliberate indifference.

**ANSWER:**

**(a) Mr. Carter does not remember, See medical records.**

**(b) Surgical repair or any treatment whatsoever for hernia.**

**(c) Mr. Carter's hernia causes him constant, extreme and unnecessary pain and suffering. Ordinary daily activities such as using the bathroom, laughing and coughing increases the pain. He is unable to carry on daily activities because of the extreme nature of the pain, such as sleeping comfortably, sitting or walking.**

20

4I. State with specificity all claims made against Wexford Health Sources, Inc., and include:

    (a)      For each claim, state the specific legal basis, theory, or statute upon which you rely for recovery;

    (b)      For each claim, state the specific actions or inactions of Wexford Health Sources, Inc. relied upon to establish the claim;

    (c)      For each claim, state the damages or injuries you suffered as a result of Wexford Health Sources, Inc.'s alleged actions or inactions; and

    (d)      For each of the above answers, state what evidence do you have to support the claim.

**ANSWER: Wexford Heath Sources, Inc. maintains and enforces a policy of not providing inmates surgical repair of their hernias. See Answers to 4A and 4E.**

5I      Identify the specific date(s), if any, on which you believe Wexford Health Sources, Inc

was deliberately indifferent to your serious medical needs, and:

     (a)      For each date referenced, specifically identify the complaint voiced by you and the

care or response which you feel constituted deliberate indifference;

     (b)      For each method of treatment or lack of treatment you find constitutes deliberate

indifference, please indicate, if known, what you or your witnesses will assert the proper

treatment should have been; and

     (c)      State the damages, harm, or injuries you claimed to have sustained as a result of

the alleged deliberate indifference.

**ANSWER: See Answers to 5A and 5E**.

6.      State whether, in the past ten years, you have ever been diagnosed with a medical disorder which forms part of the basis for your claims in your Complaint, and:

(a)      If so, identify the date (month and year) of the diagnosis, the physician, psychiatrist, or psychologist making the diagnosis, the dates you were under that physician's, psychiatrist's, or psychologist's care, and the last date you saw this physician, psychiatrist, or psychologist; and

(b)      State whether you have ever been prescribed any medications for any disorder, the date(s) those prescriptions were made, whether they were filled, whether you took the medication, if so, with what regularity, and the last date you took said medication.

**ANSWER:**

**(a) Nothing other than current hernia.**

**(b) None.**

7.      Were you, or are you, taking medication with relation to the injuries you allege to have

sustained in your Complaint? If so, please describe with specificity, including dates, for:

    (a)  Each medication you were taking;

    (b)  Who prescribed the medication;

    (c)  The dosage of each medication;

    (d)  The manner in which you are given your medication;

    (e)  The packaging in which your medication was given to you;

    (f)  Each instance in which you were unable to take your medication; and

    (g)  Any alternative means for you to take your medication.

**ANSWER: No**

8.      Identify and describe your medical history in the past ten years in relation to any medical condition which forms part of the basis for your claims in your Complaint. Please include:

(a) The name of the condition;

(b) Any treatment you received for your medical conditions;

(c) Efforts made by you to mitigate, control, or alleviate your symptoms or conditions;

(d) Medications taken by your for treatment for your medical conditions;

(e) Any instance during which you failed to take or follow through in such treatment;

(f) The identities of all medical professionals who treated you for your medical conditions; and

(g) Whether you currently, or have in the past ten years, smoked or used tobacco or other drugs.

**ANSWER: (a) –(f) None other than hernia described herein, See Medical Records.**
**            (g) No**

9.    Identify and describe any formal or informal medical education or training you have

received.

**ANSWER: None**

10.     State the full name and current residence address of each person who has any knowledge, or claims to have knowledge, of the facts or events referred to in your Complaint. For each such witness, identify the general topic of testimony and the time frame for which said evidence is relevant.

**ANSWER: Dr. David c/o Wexford; Linda Runge NP; c/o Wexford; and other medical personnel named in medical records c/o Wexford; Members of IDOC staff, c/o IDOC; other inmates named in this lawsuit c/o Muldoon & Muldoon, LLC; Delbert Heard c/o Muldoon & Muldoon, LLC; all personnel named in medical records of all inmates named in lawsuit c/o Wexford. Investigation Continues.**

11.  State the names and addresses of all persons other than yourself and the individuals previously

identified who have knowledge of the facts of the occurrences and/or injury and/or damages

claimed to have resulted from the claims stated in your complaint.

**ANSWER: No**

12. Pursuant to the Federal Rules of Civil Procedure, provide the name and address of each witness who will offer testimony and state:

a.) The subject matter of which the witness is expected to testify;

b.) The conclusions and/or opinions of the witness and the basis therefore including reports of the witness, if any;

c.) The qualifications of each witness including a curriculum vitae and/or resume, if any;

d.) The identity of any written reports of the witness regarding the occurrences alleged in your Complaint.

e.) For each witness indicate whether or not you intend to call this person to testify at trial.

**ANSWER: See Answers to 10 and 11. We are unable to fully answer until discovery is complete. Investigation Continues.**

13.     Please identify any statements, communications, or correspondence you have made to any

person or entity, other than statements made to your attorney, if you have retained an attorney,

relating to the claims made in your Complaint.

**ANSWER: See Medical Records and Grievances.**

14. If you intend to make a claim for punitive damages, describe with particularity the factual and legal bases that support your belief that you are entitled to such damages.

**ANSWER: Punitive Damages can be awarded for Defendants' willful and wanton infliction of needless suffering. We are unable to fully answer until discovery is complete. Investigation Continues.**

15. Identify all documents, witnesses, exhibits, statements, records, affidavits, or any other relevant materials that you intend to present at trial.

**ANSWER: Medical Reports, Grievances, other IDOC records, etc. We are unable to fully answer until discovery is complete. Investigation Continues.**

16A.    Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of Alfonso David, M.D. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: Dr. David has not treated Mr. Carter for his hernia. See Medical Records**

17A.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Alfonso David, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER:     No, Mr. Carter's hernia causes him constant, extreme and unnecessary pain and suffering. Ordinary daily activities such as using the bathroom, laughing and coughing increases the pain. He is unable to carry on daily activities because of the extreme nature of the pain, such as sleeping comfortably, sitting or walking.**

16B.     Describe in as much detail as possible all medical treatment that you received for the

injuries that you allege are directly attributable to the actions or inactions of Andrew Tilden,

M.D. Include the dates you received treatment for those specific injuries, the type of treatment you

received which, for purposes of this interrogatory, include any medication you received or that was

recommended or any other recommendations or advice you received; the names of all healthcare

personnel who provided the treatment, medication, advice, or recommendation, and where the

treatment occurred.

**ANSWER: Not Applicable**

17B.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Andrew Tilden, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: Not Applicable**

16C.    Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of John Trost, M.D. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: Not applicable.**

17C.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of John Trost, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: Not applicable.**

16D.    Describe in as much detail as possible all medical treatment that you received for the

injuries that you allege are directly attributable to the actions or inactions of Kul Sood,

M.D. Include the dates you received treatment for those specific injuries, the type of treatment you

received which, for purposes of this interrogatory, include any medication you received or that was

recommended or any other recommendations or advice you received; the names of all healthcare

personnel who provided the treatment, medication, advice, or recommendation, and where the

treatment occurred.

**ANSWER: Not applicable.**

17D.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Kul Sood, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: Not applicable.**

16E.    Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of Louis Shicker, M.D. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: See Answer to 16A.**

17E.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Louis Shicker, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: See Answers to 17A.**

16F.    Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of Michael Puisis, M.D. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: See Answer to 16A.**

17F.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Michael Puisis, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: See Answer to 17A.**

16G.    Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of Arthur Funk, M.D. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: Not Applicable**

17G.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Arthur Funk, M.D.? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: Not Applicable.**

16H.     Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of Sherri Lynn. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: See Answer to 16A.**

17H.    Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Sherri Lynn? If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: See Answer to 17A.**

16I.     Describe in as much detail as possible all medical treatment that you received for the injuries that you allege are directly attributable to the actions or inactions of Wexford Health Services, Inc. Include the dates you received treatment for those specific injuries, the type of treatment you received which, for purposes of this interrogatory, include any medication you received or that was recommended or any other recommendations or advice you received; the names of all healthcare personnel who provided the treatment, medication, advice, or recommendation, and where the treatment occurred.

**ANSWER: See Answer to 16A.**

17I.     Have you recovered from the injuries that you allege are directly attributable to the actions or inactions of Wexford Health Services, Inc. If your answer is "yes," provide the date that you recovered from each injury. If your answer is "no," describe in as much detail as possible all injuries that currently exist, how the injuries affect your daily life, what medical treatment you are receiving for the injuries, when and where you received medical treatment for the injury, and who and where you received the medical treatment from.

**ANSWER: See Answer to 17A.**

18. Have you filed any other lawsuits or administrative actions regarding the injuries complained of in your Complaint? If so, state the nature of the injuries claimed, the courts, and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

**ANSWER: No**

**19.** Do you seek recovery of any costs you allege to have incurred in maintaining this action, including - but not necessarily limited to - attorney fees and expert witness fees? If your answer is anything other than an unqualified "no," itemize and describe in detail each such cost, specifying the nature and amount of the cost and explaining how you calculated each cost figure.

**ANSWER: Seeking filing and litigation costs, expert witness fees and reasonable attorneys' fees. We are unable to fully answer until discovery is complete. Investigation Continues.**

20.     According to Federal Rule of Evidence 609, evidence of a criminal conviction is

discoverable. Therefore, identify each felony or misdemeanor of which you have been convicted

(or pled guilty) by including:

    (a)  The name of the offense;

    (b)  The docket number;

    (c)  The date of your conviction or plea;

    (d)  The jurisdiction of the proceeding;

    (e)  The sentence you received;

    (f)  When you completed or will complete serving the sentence on the conviction.

**ANSWER: See Illinois State Police and IDOC records.**

21. Identify any information that you would intend to use to impeach or cross-examine Defendant pursuant to Federal Rule of Evidence 404, 405, 608, or any other Rule.

**ANSWER: Defendants' Interrogatory Answers, Defendants' Responses to Requests to Admit Facts and Deposition Transcripts. We are unable to fully answer until discovery is complete. Investigation Continues.**

22.     Have you been treated by any physicians other than the named defendants in this case? If

so, state:

     a.      The name of the physician you have been treated by;

     b.      The hospital or clinic they are associated with, if any;

     c.      The date(s) you were treated by them; and

     d.      Whether you are in possession of any of the records from those visits.

**ANSWER: See Medical Records.**

23.     Were you ever provided with an inmate handbook while incarcerated at Menard

Correctional Center, Pontiac Correctional Center, Hill Correctional Center, Lincoln Correctional

Center and/or Shawnee Correctional Center? If yes:

      a.      Which correctional center(s) provided the inmate handbook(s)?

      b.      Do you still have access to any inmate handbook(s) identified in (a) above?

      c.      Are any of the inmate handbook(s) identified in (a) above in your possession?

**ANSWER:**

   **(a) Shawnee CC**

   **(b) No**

   **(c) No**

## <u>VERIFICATION</u>

I hereby affirm (under penalty of law) that to the best of my knowledge the facts set forth in this Plaintiff's Answers to Interrogatories are known or believed to be true.

_____

Leander Carter

Respectfully submitted,

/s/ John J. Muldoon, III

John J. Muldoon, III
Muldoon & Muldoon, LLC
IL Attorney No. 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312-739-3550
jjm@muldoonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2018 I caused the foregoing document to be served on the below listed attorneys *via* email.


Robert S. Tengesdal
Christopher M. Miller
Jesse Guth
Samuel Tallman
Bollinger Connolly Krause
500 West Madison Street Suite 2430
Chicago, IL 60661
(312) 253-6200
rtengesdal@bollingertrials.com
cmiller@bolingertrials.com
jguth@bollingertrials.com
stallman@bollingertrials.com

Colleen Marie Shannon
Office of the Illinois Attorney General
100 West Randolph Street
13th Floor Chicago, IL 60601
(312) 814-4450
cshannon@atg.state.il.us


Respectfully submitted,

/s/ John J. Muldoon, III


John J. Muldoon, III
Muldoon & Muldoon, LLC
Illinois Attorney Number 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312-739-3550
jjm@muldoonlaw.com