IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEANDER CARTER,                       )<br>                                                        )<br>        Plaintiff,                            )<br>                                                        )<br>vs.                                                  )<br>                                                        )<br>WEXFORD HEALTH SOURCES, INC., )<br>*et al.*                                            )<br>                                                        )<br>        Defendants.                       )<br>                                                        ) | Case No. 19-cv-63-DWD |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Leander Carter has submitted a Motion for Leave to File Under Seal (Doc. 181) regarding an exhibit to his Response to Motion for Summary Judgment (Doc. 179). The Motion is **DENIED**.

Plaintiff's opposition to summary judgment includes a sizeable argument related to Defendant Wexford's contract to provide medical services to the Illinois Department of Corrections ("IDOC"). Plaintiff has asked for leave to file a copy of this document (Exhibit 17) under seal, as Wexford has designated it as proprietary and confidential under the Court's prior Protective Order (Doc. 137).

"The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This presumption can be rebutted if the party moving to seal documents

demonstrates compelling reasons of personal privacy trade secrets, privileged information, and other non-public financial and business information. See *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) and *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).

The Court has examined the proposed exhibit *in camera*. Without commenting on whether the terms of the contract would qualify as a trade secret or similar protected class, the Court has been made aware finds that the full, unredacted document was publicly filed by Wexford itself in a prisoner case in the Central District of Illinois. See Doc. 40-1, *Larue v. Mills*, 18-cv-932 (C.D. Ill., March 15, 2019). The presumption of open records cannot be rebutted here by reason of trade secret or "other non-public financial or business information," because the information has been made public by Wexford. Sealing the exhibit would serve no identified or useful purpose.

Plaintiff's Motion for Leave to File Under Seal is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED:  February 24, 2021

DAVID W. DUGAN
U.S. District Judge

2