IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEANDER CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-63-DWD |
| | ) |
| ALFONSO DAVID, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff Leander Carter's Motion to Reopen Discovery (Doc. 197). Defendant Alfonso David has filed a Response in Opposition (Doc. 198). The Court held a hearing on the matter on February 14, 2015. For the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

On May 11, 2017, twenty-six inmates incarcerated in the Illinois Department of Corrections, through counsel, filed a complaint in the Northern District of Illinois. The multi-plaintiff complaint brought claims pursuant to 42 U.S.C. § 1983, alleging that the plaintiffs suffered from untreated inguinal hernias. On January 22, 2019, after discovery had commenced and after denying Defendants' motion to dismiss the First Amended Complaint, the Northern District of Illinois severed Carter's claims and transferred them to this Court.

On October 8, 2020 – three years after the original complaint was filed, fifteen months after entry of this Court's initial scheduling order, and after several extensions, the last of which emphasized that further extensions would not be granted absent extraordinary circumstances – discovery in this case was closed. On November 9, 2020, the only remaining defendants, Wexford and David, filed motions for summary judgment as to Carter's Second Amended Complaint (Docs. 157 and 160). In an order dated August 31, 2021, the Court granted Wexford's motion for summary judgment and denied David's motion for summary judgment (Doc. 188). A settlement conference was held on October 21, 2021, but the case did not settle (Doc. 193). Accordingly, after nearly five years of protracted litigation, the only claim that remains in this case is Carter's Eighth Amendment deliberate indifference claim as to David.

On December 9, 2021, after nearly five years of litigation, after summary judgment motions have been briefed and ruled on, and more than fourteen months after the close of discovery, Carter filed the subject motion seeking to reopen discovery. He contends that discovery should be reopened because he is no longer incarcerated and has retained new treating physicians. Carter seeks leave to reopen discovery to allow him to supplement his Rule 26 disclosures to include his present treating physicians and their medical records.

## APPLICABLE LAW

A discovery deadline schedule "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). *See also Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) ("A decision to deny reopening discovery is reviewed for abuse of

discretion. That discretion is considerable: case management depends on enforceable deadlines, and discovery must have an end point. In managing their caseloads, district courts are entitled to—indeed they must—enforce deadlines." (Internal citations and quotation marks omitted)). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). To demonstrate good cause, a party must show that despite its diligence, the timetable could not reasonably have been met. *See Smith v. Howe Military Sck*, No. 3, 1997 U.S. Dist. LEXIS 16787 (N.D. Ind. Oct. 20, 1997).

## DISCUSSION

In the instant case, Carter contends that his recent release from prison constitutes good cause for reopening discovery. Specifically, at the hearing, Carter's counsel argued that Carter could not have obtained a second opinion regarding his medical treatment (or lack thereof) while he was incarcerated. The Court disagrees. As previously noted, this litigation has been pending for nearly five years and the parties in this case had fifteen months from the entry of a scheduling order in which to complete discovery. Carter, who has been represented by counsel throughout this case, had ample time to locate an expert to review Carter's medical records and offer his or her opinion. Further, to the extent that Carter contends an independent medical exam was not available to him, there is nothing in the record to suggest that the facility where Carter was incarcerated was requested to provide or otherwise refused approval to have Carter transported for that purpose or to have the examination occur at the prison. *See Ivey v. Harney*, 47 F.3d 181, 186 (7th Cir. 1995) (under All Writs Act, 28 U.S.C. § 1651, court could order prison officials to allow

3

outside physician to examine plaintiff inside prison). For these reasons, the Court finds that Carter has failed to establish good cause to reopen discovery in this trial-ready case. Accordingly, the Court **DENIES** Carter's Motion to Reopen Discovery (Doc. 197).

**SO ORDERED**.

Dated: February 17, 2022

_____
DAVID W. DUGAN
United States District Judge